UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM OF<br><br>THIRD PARTY JEROLD M. FORSBERG<br><br><br>MDI, INC.,<br>      Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>DRIVECAM, INC.,<br>      Defendant/Counterclaim Plaintiff. | MISCELLANEOUS CASE<br><br>Civil Action No. _____<br><br>TELEPHONIC HEARING REQUESTED<br><br>(Civil Action No. 3:08-CV-00188-JAS<br>In the United States District Court<br>for the Northern District of Texas) |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA DUCES TECUM
AND REQUEST FOR TELEPHONIC HEARING**

DriveCam, Inc. ("DriveCam") hereby moves to compel Jerold M. Forsberg ("Mr. Forsberg") to produce documents responsive to the Subpoena Duces Tecum of Jerold M. Forsberg issued by this Court and served February 23, 2009. DriveCam is a small, privately held company for which litigation is a substantial expense. Accordingly, DriveCam requests a telephonic hearing in this matter.

**I.    INTRODUCTION**

Movant DriveCam is a small, privately held California corporation that was sued in Texas for patent infringement. As is common in patent cases, DriveCam sought the documents in possession of Mr. Forsberg -- one of the attorneys who prosecuted the patent before the United

States Patent and Trademark Office ("Patent Office"). Despite tendering his documents for production on two previous occasions without objection, Mr. Forsberg now objects to producing his documents. What is not common in patent cases is that Mr. Forsberg, shortly after his client's patent issued, bought the patent from his client and then assigned it to a third party. (Hayenga Decl., ¶¶ 5, 6; Exs. C, D). Mr. Forsberg still has a financial interest in the patent and stands to gain a share of any damages awarded in this case if the Plaintiff somehow prevails on its claim. (Hayenga Decl., ¶ 7; Ex. E at ¶ 6(h)).

## II. BACKGROUND

Plaintiff MDI, Inc. ("MDI") filed suit against DriveCam in the U.S. District Court for the Northern District of Texas in February 2008 for allegedly infringing U.S. Reissued Patent No. RE 37,709, entitled "System for Recording and Modifying Behavior of Passenger in Passenger Vehicles" ("the '709 Patent"). This patent is a reissue of U.S. Patent No. 5,319,394, having the same title ("the '394 Patent").[1] (Hayenga Decl., ¶ 3; Ex. A). The '394 Patent was drafted and prosecuted by Mr. Forsberg, who is a registered patent attorney. (Hayenga Decl., ¶ 4; Ex. B). Shortly after issuance, the inventor, Randy R. Dukek, assigned the '394 Patent to Mr. Forsberg. (Hayenga Decl., ¶ 5; Ex. C). On November 3, 1995, Mr. Forsberg assigned his entire right, title, and interest in and to the '394 Patent and any reissues thereof to MDI.[2] (Hayenga Decl., ¶ 6; Ex. D).

---

[1] 35 U.S.C. § 251 allows the Patent Office to reissue a patent when the original patent is, "through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent," provided no new matter is introduced into the application for reissue.

[2] At the time, MDI was known as Ultrak, Inc. In December 2002, Ultrak, Inc. changed its name to American Building Control, Inc. In September 2004, American Building Control, Inc. again changed its name to MDI, Inc.

On June 5, 1996, MDI filed a reissue application claiming priority to the '394 Patent. (Hayenga Decl., Ex. B). As part of the reissue application, MDI filed a reissue declaration in which Mr. Dukek stated that it was his opinion that errors arose in the '394 Patent due to Mr. Forsberg's failure to appreciate the full scope of the invention. (Hayenga Decl., ¶ 8; Ex. F at p. 3). On May 21, 2002, the reissue application issued as the '709 Patent (Hayenga Decl., Ex. A), and on February 5, 2008, MDI filed suit against DriveCam alleging infringement of the '709 Patent.

On November 5, 2008, DriveCam served Mr. Forsberg with a subpoena duces tecum ("the First Subpoena") seeking documents relevant to Mr. Forsberg's involvement with the '394 and '709 Patent. (Hayenga Decl., ¶ 9; Ex. G). Following her standard practice, Jillian Powell ("Ms. Powell"), a legal assistant to counsel for DriveCam, contacted Merrill Corp., a national litigation support company, to arrange for a process server and a court reporting service to accept and copy documents produced in response to the First Subpoena. (Powell Decl., ¶¶ 3, 4). The First Subpoena requested that Mr. Forsberg produce responsive documents for inspection and copying at Reporters Diversified Services ("RDS"), a court reporting service in Duluth, Minnesota, on December 5, 2009. (Hayenga Decl., ¶ 9; Ex. G). Merrill Corp. had indicated that RDS could copy the documents produced in response to the subpoena. This would save the expense of counsel for DriveCam flying to Duluth to obtain the documents.

Mr. Forsberg arrived at RDS with three boxes of documents. However, contrary to the information provided to Ms. Powell by Merrill Corp., RDS did not have the capability to copy the documents. (Hayenga Decl., ¶ 10). Mr. Forsberg left with his documents.

Counsel for DriveCam contacted Mr. Forsberg by telephone later that morning to discuss alternative possibilities for Mr. Forsberg to produce copies of his documents. (Hayenga Decl.,

¶ 11). None of the options discussed were satisfactory to Mr. Forsberg, and he offered no satisfactory alternative of his own. (Hayenga Decl., ¶ 12).

Therefore, on January 9, 2009, DriveCam served Mr. Forsberg with a second subpoena duces tecum ("the Second Subpoena"), seeking the same documents Mr. Forsberg had previously produced for inspection and copying. (Hayenga Decl., ¶ 13; Ex. I). Seeking to avoid a repeat of the First Subpoena, where the court reporter did not have the ability to copy the documents, counsel for DriveCam located a different court reporting firm in Duluth that would copy the documents. Thus, the Second Subpoena requested that Mr. Forsberg produce his documents on January 23, 2009 at Watczak Reporting in Duluth. (Hayenga Decl., ¶ 13; Ex. I). Mr. Forsberg arrived with his documents on the date and at the time requested by the Second Subpoena. Unfortunately, due to a mix-up by the reporting service, no one was present to meet Mr. Forsberg at the appointed time. (Seliga Decl., ¶¶ 4, 5). Accordingly, Mr. Forsberg deposited his business card in the business's mailbox and left the premises. When the court reporter arrived and discovered Mr. Forsberg's business card, she attempted to contact Mr. Forsberg and counsel for DriveCam, and even offered to drive to Mr. Forsberg's residence to retrieve his documents. (Seliga Decl., ¶¶ 6, 7). Mr. Forsberg declined, but indicated that he would be willing to discuss producing his documents the next week. (Seliga Decl., ¶ 6; Hayenga Decl., ¶ 15).

Attempts to contact Mr. Forsberg the next week proved unsuccessful.[3] (Hayenga Decl., ¶ 16). Therefore, on January 27, 2009, DriveCam served Mr. Forsberg with a third subpoena

---

[3] Counsel for DriveCam made multiple calls to Mr. Forsberg's office and cell phones. Mr. Forsberg's office voicemail system had an error message directing callers to enter the seven-digit number they were attempting to reach. When Mr. Forsberg's seven-digit telephone number was entered, the voicemail system indicated it did not recognize the number. Mr. Forsberg's cell phone voicemail had an error message indicating that Mr. Forsberg had not yet set up his voicemail account.

duces tecum ("the Third Subpoena") again seeking the same documents Mr. Forsberg had previously offered for inspection and copying. (Hayenga Decl., ¶ 17; Ex. J). This Third Subpoena requested that Mr. Forsberg produce his documents at Watczak Reporting on February 11, 2009. (Hayenga Decl., ¶ 17; Ex. J). Mr. Forsberg did not produce his documents as requested. Instead, on February 11, 2009, counsel for DriveCam received from counsel for Mr. Forsberg objections, dated February 4, 2009, to the Third Subpoena. (Hayenga Decl., ¶ 18; Ex. K). These objections indicated that the Third Subpoena was allegedly defective due to a failure to comply with Federal Rules of Civil Procedure 45(a)(D)[4] (mandatory notice for protection of persons subject to subpoena) and 45(b)(1) (mandatory mileage and attendance fee). (Hayenga Decl., ¶ 18; Ex. K). A subsequent investigation revealed that the process server had mistakenly failed to include this fee and notice with the Third Subpoena.

On February 11, 2009, counsel for DriveCam attempted to contact counsel for Mr. Forsberg to inquire whether these objections could be resolved through the requisite notice and payment of attendance and mileage fees, but counsel for Mr. Forsberg was unavailable. (Hayenga Decl., ¶ 19). On February 17, 2009, counsel for Mr. Forsberg returned the call. During this call, counsel for Mr. Forsberg indicated that such notice and payment of fees would not resolve the objections and that Mr. Forsberg now wanted to be compensated in the amount of $240.00 per hour to review his own documents for privilege, confidentiality, and responsiveness -- even though he had already attempted to produce them for inspection and copying on two previous occasions. (Hayenga Decl., ¶ 20).

To resolve the failure of the Third Subpoena to comply with Rules 45(a)(1)(A)(iv) and 45(b)(1), DriveCam served Mr. Forsberg with a fourth subpoena duces tecum ("the Fourth

---

[4] There is no such rule. DriveCam believes Mr. Forsberg intended to refer to Federal Rule of Civil Procedure 45(a)(1)(A)(iv).

Subpoena") on February 19, 2009, again seeking the same documents Mr. Forsberg had previously produced for inspection and copying on two previous occasions. (Hayenga Decl., ¶ 21; Ex. L). This Fourth Subpoena requested that Mr. Forsberg produce his documents at Watczak Reporting on March 6, 2009. (Hayenga Decl., ¶ 21; Ex. L). On March 2, 2009, counsel for DriveCam received from counsel for Mr. Forsberg objections to the Fourth Subpoena dated February 24, 2009. (Hayenga Decl., ¶ 22; Ex. M). These objections indicated that the Fourth Subpoena allegedly imposed an undue burden on Mr. Forsberg, risked the disclosure of confidential and/or privileged information, did not allow sufficient time for response and compliance, and sought the production of documents available through the parties to the lawsuit. (Hayenga Decl., Ex. M).

### III.   ARGUMENT

Under Federal Rule of Civil Procedure 45(c)(2)(B)(i), upon objection to a subpoena to a non-party, the serving party may move the issuing court for an order compelling production or inspection. Only if the subpoena fails to allow a reasonable time to comply, requires disclosure of privileged or confidential material, or subjects a person to undue burden may a court quash or modify the subpoena. *See* Fed. R. Civ. P. 45(c)(3). Here, DriveCam has made a relatively standard request of a prosecuting attorney in a patent case. The law provides adequate protections to Mr. Forsberg, and he should be compelled to produce his documents.

As noted above, the patent that DriveCam was sued upon is a reissue of the patent Mr. Forsberg prosecuted. Accordingly, the prosecution of both the original patent and the reissue are relevant to this lawsuit. *See Medtronic, Inc. v. Guidant Corp.*, 465 F.3d 1360, 1372-73 (Fed. Cir. 2006). In fact, the files of the law firm that prosecuted the reissue have already been produced in this case.

**A. Compliance with the Subpoena Imposes No Undue Burden on Mr. Forsberg and Adequately Protects Confidentiality.**

The documents Mr. Forsberg contends it would be unduly burdensome for him to produce are the same documents he has already attempted to produce on two previous occasions. Accordingly, no additional searching for responsive documents is required of Mr. Forsberg. Furthermore, the subpoena imposes no out-of-pocket expenses on Mr. Forsberg, as he has already been issued a check three times for his travel. Additionally, DriveCam has arranged to pay the court reporter for the cost of reproducing his documents.

Nonetheless, Mr. Forsberg contends that the responsive documents in his possession "are not segregated from documents that are privileged, constitute work product, constitute trade secrets or other confidential research, development or commercial information or are not responsive to the subpoena," and will require significant time and expense to review prior to production. These arguments, however, are contradicted by Mr. Forsberg's own actions in attempting to produce the documents in response to DriveCam's previous subpoenas and, if accepted, would prevent discovery of prosecuting attorney's documents in almost every patent case.

First, as Mr. Forsberg has already been informed, Mr. Forsberg's concerns about confidentiality are covered by the protective order in place in this lawsuit. (Hayenga Decl., ¶ 12). Paragraph 2-2 of Miscellaneous Order No. 62 of the Northern District of Texas automatically enters a standard protective order in all cases in the Dallas division of the district in which patent infringement is alleged. This protective order has been entered in the present case and prohibits the unauthorized distribution of documents produced by a "non-party who receives a subpoena in connection with [the] action" that are designated as "Confidential" or "Confidential Attorneys Eyes Only." (Hayenga Decl., Ex. H at ¶ 1). This was explained to Mr.

Forsberg by counsel for DriveCam during a telephone call on January 8, 2009. (Hayenga Decl., ¶ 12). Therefore, Mr. Forsberg need only designate his confidential material as such to avoid its disclosure to third parties.

Second, the attorney work product doctrine only applies to "documents and tangible things that are prepared in anticipation of litigation or for trial." *See* Fed. R. Civ. P. 26(b)(3); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 512 (D. Minn. 1997). It is Mr. Forsberg's burden to prove that documents are protected by the work product doctrine. Mr. Forsberg has not provided any evidence that he prepared his documents in anticipation of litigation. He is neither a party to this lawsuit or counsel to one of the parties. To the extent Mr. Forsberg has a valid claim of work product, he can simply schedule the documents in a privilege log.

Third, to the extent Mr. Forsberg seeks to assert attorney-client privilege regarding any documents, such privileged communications should require minimal review. As an attorney himself, Mr. Forsberg should be able to easily identify and log any privileged communications. Such privilege reviews are common place, and can hardly be called "unduly burdensome." These types of reviews occur regularly in patent cases. In this case, it is especially fair for Mr. Forsberg to cover any expenses arising out of such a review because he has a financial stake in the outcome of the litigation. (Hayenga Decl., ¶ 7; Ex. E at ¶ 6(h)). If Mr. Forsberg wants to turn to anyone for the expense of reviewing his documents for privilege, he should turn to the Plaintiff with whom he has a contractual right to receive a portion of any damages awarded in this case. (Hayenga Decl., ¶ 7; Ex. E at ¶ 6(h)).

Mr. Forsberg's objection that compliance with the subpoena would be unduly burdensome is without merit. He is being asked to do no more than prosecuting attorneys of patents involved in litigation are asked to do every day. As an attorney, Mr. Forsberg is quite

capable of doing his own privilege review. At the very least, Plaintiff should do so for him if he does not wish to do so himself.

**B.     Mr. Forsberg has had Ample Time to Comply with the Subpoena.**

Mr. Forsberg was originally subpoenaed November 5, 2008 for the documents sought in the Fourth Subpoena, and has unsuccessfully attempted to produce these documents on two separate occasions. Accordingly, Mr. Forsberg's own actions indicate no additional time is required for him to comply with the Fourth Subpoena. He merely needs to produce for inspection and copying the same documents he has previously attempted to produce.

**C.     Mr. Forsberg May Have Documents Unavailable Through the Parties to the Lawsuit and Availability is Not the Issue.**

While Mr. Forsberg claims that documents in his possession may be available from other sources, that is not the issue. A prosecuting attorney has a duty of candor and disclosure to provide information material to patentability to the Patent Office. *See* 37 C.F.R. § 1.56. A prosecuting attorney commits inequitable conduct when he knowingly fails to provide such material information with an intent to deceive the Patent Office. *Impax Labs., Inc. v. Aventis Pharm Inc.*, 468 F.3d 1366, 1374 (Fed. Cir. 2006). It is, thus, highly relevant what documents Mr. Forsberg had in his possession and at what time he had them. Mr. Forsberg's own files may demonstrate knowledge of material information that was not disclosed to the Patent Office. What Mr. Forsberg has in his files can only be gleaned from a review of his own files, not those of a third party.

Furthermore, prior to assigning the '394 Patent to MDI, Mr. Forsberg may have been involved in other efforts to license or assign the patent. These attempts to license or assign the patent would be relevant to the determination of a reasonable royalty under *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). *See Minks v. Polaris*

*Industries, Inc.*, 546 F.3d 1364, 1372 (Fed. Cir. 2008) (Determination of a reasonable royalty for patent infringement "is often made by assessing factors such as those set forth in [*Georgia-Pacific*]"). Information regarding these prior attempts is unlikely to be available from other parties.

Because Mr. Forsberg has not produced any documents, it is not even clear that Mr. Forsberg's documents are available from others in the lawsuit. For example, the file history of the reissue patent indicates that Mr. Forsberg signed a declaration that was submitted to the Patent Office. This document is mysteriously absent from the file history of the Reissue Patent. Thus far, neither a signed declaration nor a draft has been produced in the litigation. Mr. Forsberg may well have an original or a draft of this declaration. Mr. Forsberg has made no showing that he has any documents that are now in the possession of DriveCam.

Even assuming that *some* of the documents in Mr. Forsberg's possession may be available through other sources, it is highly likely that Mr. Forsberg is in possession of documents otherwise unavailable to the parties to the lawsuit. If it were a valid ground for objection that a party had possession of some documents that were otherwise available from other parties, almost no one would have the obligation to produce documents. Here, there is a substantial likelihood that Mr. Forsberg has in his possession numerous documents not available elsewhere.

Mr. Forsberg was involved in the prosecution of both the '394 Patent and the '709 Patent, owned the '394 Patent for a period of time, and has been involved in previous lawsuits in which the '394 Patent and/or '709 Patent were asserted. Accordingly, Mr. Forsberg may possess documents, unavailable from other sources, that are relevant to the conception and reduction to practice of the invention claimed in the '709 Patent, the prosecution of the '394 and '709 Patents,

Mr. Forsberg's attempts to license or sell the '394 Patent, and/or the ownership of the '709 Patent.

## IV.    CONCLUSION

For the above reasons, DriveCam respectfully moves that this Court order Mr. Forsberg to comply with the subpoena duces tecum served February 23, 2009 in this case. A proposed order is attached. DriveCam further requests a telephonic hearing in this matter.


Dated: April 8, 2009                             Respectfully submitted,

                        HALLELAND, LEWIS, NILAN & JOHNSON, PA

                By:   /s/ Cortney G. Sylvester
                     Cort G. Sylvester (MN Bar # 231514)
                     600 U.S. Bank Plaza South
                     220 South Sixth Street
                     Minneapolis, MN 55402-4501
                     (612) 338-1838
                     (612) 338-7858 (fax)

                     /s/ David G. Wille
                     David G. Wille
                     Barton E. Showalter
                     Matthew A. Hayenga
                     BAKER BOTTS LLP
                     2001 Ross Ave, Suite 600
                     Dallas, TX 75201
                     214-953-6500

                     *Counsel for DriveCam, Inc.*